**Gary EVANS, Plaintiff–Appellant,**

v.

**John KNODELL; et al., Defendants–Appellees.**

**No. 01–36170.**

**D.C. No. CV–99–00323–AAM.**

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002 *.

Decided July 30, 2002.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Gary Evans appeals pro se the district court's sua sponte dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of his 42 U.S.C. § 1983 action alleging false arrest and imprisonment, reckless investigation, malicious prosecution, and abuse of process. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's sua sponte dismissal under Fed. R.Civ.P. 12(b)(6), *Omar v. Sea–Land Serv.,* 813 F.2d 986, 991 (9th Cir.1987), and we reverse.

Evans contends that the district court erred in finding that his 42 U.S.C. § 1983 action was barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). We agree.

The district court concluded that because the criminal charges against Evans were dismissed without prejudice, the charges could be re-filed in the future and Evans' section 1983 action, if successful, would necessarily invalidate any future conviction. This circuit held in *Harvey v. Waldron,* 210 F.3d 1008, 1014 (9th Cir. 2000), that section 1983 actions do not accrue "so long as the potential for a conviction in the pending criminal prosecution continues to exist." Here, there was no pending criminal prosecution against Evans, so *Heck* does not apply. Accordingly, we reverse the district court's dismissal and remand for further proceedings.

REVERSED and REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.